■ BEATRICE GRAY, Appellant, v. GUILLERMO GOODIN, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County, dated June 14, 1973, as, upon reconsideration, adhered to the original decision denying her application for a general preference. Order reversed insofar as appealed from, with $20 costs and disbursements, and application for a general preference granted. Plaintiff sustained injuries to, *inter alia,* her cervical spine with respect to which uncontroverted medical data indicate a permanent 25% loss of use; in addition, a loss of earnings of $2,958 is claimed. In our opinion, the fiscal loss and the nature and extent of the disability and functional loss claimed could reasonably warrant an evaluation in excess of the monetary jurisdiction of the Civil Court of the City of New York (*Phillips* v. *Beechcraft Apts., Section No. 1 Corp.,* 36 A D 2d 729). Accordingly, a general preference should have been granted. Gulotta, P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.

■ In the Matter of SHIMON KUTCHERA, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Respondent.— In a proceeding pursuant to article 78 of the CPLR to review appellant's determination dismissing petitioner from his position of Car Maintainer "F" as of January 26, 1973, the appeal is from a judgment of the Supreme Court, Kings County, dated August 14, 1973, which granted the application to the extent of reducing the penalty to a suspension "without pay from the date of his dismissal, January 20, 1973, to the date hereof, and directing that he be reinstated to his position effective forthwith." Judgment modified, on the law, by (1) inserting in the decretal paragraph thereof, the word "effective" immediately before the words "date of his dismissal"; (2) changing the date "January 20, 1973" in said paragraph to "January 26, 1973"; (3) striking from said paragraph the word "hereof" and substituting therefor the words "of the entry of the order of the Appellate Division determining the appeal from this judgment"; and (4) striking from said paragraph the word "forthwith" and substituting therefor the words "upon the entry of said order of the Appellate Division". As so modified, judgment affirmed, without costs. The correct effective date of the dismissal as set forth in the record was January 26, 1973. The suspension of petitioner without pay to the date of the entry of the judgment of the Special Term was inadequate to the extent indicated herein. Gulotta, P. J., Martuscello and Benjamin, JJ., concur; Shapiro and Christ, JJ., dissent and vote to reverse the judgment and dismiss the petition on the merits, with the following memorandum: We believe that there was substantial evidence to support the determination and that the penalty of dismissal was proper under the circumstances of this case.